# EXHIBIT A



**Service of Process Transmittal**
11/04/2009
CT Log Number 515673605

| | |
|---|---|
| **TO:** | Karen Selavka<br>General Electric Company<br>PO # 111-003702, Corp Legal Dept<br>3135 Easton Tnpk<br>Fairfield, CT 06431 |
| **RE:** | **Process Served in Massachusetts** |
| **FOR:** | General Electric Company (Domestic State: NY) |

NOV 06 2009

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Joseph B. Bertrand and Nancy L. Beryrand, Pltfs. vs. General Electric Company, Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Proof of Service Form, Complaint, Cover Sheet, Scheduling Order |
| **COURT/AGENCY:** | Middlesex Superior Court, Middlesex County, MA<br>Case # MICV2009-03253-B |
| **NATURE OF ACTION:** | Product Liability Litigation - Manufacturing Defect - On or about August 24, 2006, Platintiffs suffered fire damage to personal and real property due to a negligent manufacturing and design of a stove at their home at 7 Shumway Circle, Wakefield, MA |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Boston, MA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/04/2009 at 15:00 |
| **APPEARANCE OR ANSWER DUE:** | 11/19/2009 - earliest response date. (See document for additional deadlines) - Order // Within 20 days after service, exclusive of the day of service - Summons |
| **ATTORNEY(S) / SENDER(S):** | Joseph B. Bertrand<br>Murray Kelley & Bertrand, P.C.<br>300 Trade Center<br>Suite 2700<br>Woburn, MA 01801<br>781-569-0020 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 798120243799<br>Image SOP<br>Email Notification, Karen Selavka KAREN.SELAVKA@CORPORATE.GE.COM |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Dahrlena Mitchell<br>155 Federal Street<br>Suite 700<br>Boston, MA 02110<br>617-757-6404 |

Page 1 of 1 / GB

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. MICV2009-03253-B

Joseph B. Bertrand and
Nancy L. Bertrand .............., Plaintiff(s)

v.

General Electric Company ............, Defendant(s)

## SUMMONS

To the above-named Defendant:   General Electric Company

You are hereby summoned and required to serve upon ..Joseph.B...Bertrand,..Esquire..............
Murray,.Kelly.&.Bertrand,.P.C.. plaintiff's attorney, whose address is .300.Trade.Center.–
Suite 2700, Woburn, MA 01801.............., an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at .......Woburn,..MA.......... either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse**, Esquire, at ..... Woburn, MA .................................
the ..........2nd........................... day of ...November........................................
..................., in the year of our Lord ........2009...................... .

A true copy Attest:

Deputy Sheriff Suffolk County

........................................................................
Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

ORM NO. SUP. — 001

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                                     SUPERIOR COURT DEPARTMENT
                                                   CIVIL ACTION NO.

| | |
|---|---|
| JOSEPH B. BERTRAND and NANCY L. BERTRAND,  Plaintiffs, | ) ) ) ) ) |
| VS. | ) COMPLAINT AND ) DEMAND FOR JURY TRIAL ) |
| GENERAL ELECTRIC COMPANY,  Defendant | ) ) ) ) |

*FILED IN THE OFFICE OF THE CLERK OF COURTS FOR THE COUNTY OF MIDDLESEX AUG 21 2009 [signature] CLERK*

## FACTS

1.   The plaintiffs, Joseph B. Bertrand and Nancy L. Bertrand (hereafter "Joseph and Nancy Bertrand"), are residents of Wakefield, Middlesex County, Massachusetts.

2.   The defendant, General Electric Company (hereafter "GE"), is a corporation duly organized under the law of the State of New York with a principal place of business at 1 River Road, Schenectady, NY.

3.   The defendant, GE, is a corporation doing business in the Commonwealth of Massachusetts.

4.   The plaintiffs, Joseph and Nancy Bertrand, own the home at 7 Shumway Circle, Wakefield, MA.

5.   On August 24, 2006, a fire occurred at 7 Shumway Circle, Wakefield, MA (hereinafter the "fire").

6.   The origin and cause of the fire at 7 Shumway Circle, Wakefield, MA was the kitchen stove.

7.   Upon information and belief, the kitchen stove at 7 Shumway Circle, Wakefield, MA (hereafter the "stove") was manufactured, designed, developed, assembled, inspected, sold and distributed by GE.

8. On or about August 24, 2006, the plaintiffs, Joseph and Nancy Bertrand sustained personal and emotional injuries arising from the fire and suffered personal and real property loss.

## COUNT I
### (Negligence vs. General Electric Company.)

9. The plaintiffs repeat and reaver the allegations of paragraphs 1-8 inclusive of this Complaint as if expressly rewritten and set forth herein.

10. The injuries sustained by the plaintiffs, Joseph and Nancy Bertrand, were a direct and proximate result of the carelessness and negligence of the defendant, GE as follows:

   a. GE was negligent in its manufacture, design, development, assembly, inspection or distribution of said stove and its components.

   b. GE negligently failed to warn the plaintiffs, Joseph and Nancy Bertrand, and/or other purchasers of this stove and/or its components of the dangers involved in its use.

   c. GE negligently failed to provide adequate safety devices in said stove in that it lacked properly operating switches.

   d. GE negligently distributed the stove and/or its component parts in the channels of trade when it knew or reasonably should have known said stove and/or its component parts to be dangerous and defective in nature and design.

   e. GE negligently distributed the stove and/or its component parts in the channels of trade when it knew or reasonably should have known said stove and/or its component parts to be in a dangerous and defective condition.

   f. GE negligently failed to use reasonable care to prevent injury to such persons including the plaintiffs, Joseph and Nancy Bertrand, who was a foreseeable user of the stove and who was ignorant of its dangerous and defective design, nature and condition.

11. As a direct and proximate cause of the negligence of the defendant, GE, as hereinabove set forth, the plaintiffs, Joseph and Nancy Bertrand, suffered severe injuries and were put to great pain, suffering and anguish of mind and suffered great loss of personal and real property.

WHEREFORE, the plaintiffs, Joseph and Nancy Bertrand, demand judgment against the defendant, GE, in an amount the Court deems fair and just. Together with interest and costs.

## COUNT II
### (Failure to Warn vs. General Electric Company)

12. The plaintiffs repeat and reaver the allegations of paragraphs 1-11 inclusive of this Complaint as if expressly rewritten and set forth herein.

13. The defendant, GE, negligently failed to warn the plaintiffs, Joseph and Nancy Bertrand, of the dangerous and defective condition of the stove of which it knew or reasonably should have known.

14. The defendant, GE, negligently failed to warn the plaintiff, Joseph and Nancy Bertrand, of the dangerous and defective condition of the components of the stove of which it knew or reasonably should have known.

15. As a direct and proximate result of the acts herein stated of the defendant, the plaintiffs suffered the injuries and losses as more particularly described in Paragraph 11 of this Complaint and incorporated herein by reference.

WHEREFORE, the plaintiffs, Joseph and Nancy Bertrand, demand judgment against the defendant, GE, in an amount the Court deems fair and just, together with interest and costs.

## COUNT III
### (Breach of Implied Warranty of Fitness for a Particular Purpose vs. General Electric Company)

16. The plaintiffs repeat and reaver the allegations of paragraphs 1-15 inclusive of this Complaint as if expressly rewritten and set forth herein.

17. At or about the time the defendant, GE, sold the stove and/or its components, the defendant, GE, by its servants, agents or employees, had reason to know the particular purpose for which the stove and its components was intended to be used.

18. The defendant, GE, its servants, agents or employees, had reason to know that the plaintiffs were relying upon the skill and/or judgment of the defendant, GE's, agents or employees to select a suitable and safe machine and suitable machine components for the particular purpose.

19. At the time of the sale of the stove and its components, the defendant, GE, impliedly warranted that the stove and/or its components were fit for the particular purpose for which it was designed.

20. Said warranty was breached by the defendant, GE, in that the stove and/or its components were dangerous and defective, not fit for the particular purpose for which it was designed, as impliedly warranted by the Defendant, GE.

21. The defendant, GE, knew or reasonably should have known that the stove and/or its components were dangerous and defective, not fit for the particular purpose for which it was intended to be used.

22. As the direct and proximate result of the acts herein stated of the Defendant, GE, the plaintiffs, Joseph and Nancy Bertrand, suffered the injuries and losses as more particularly described in Paragraph 11 of this Complaint and incorporated herein by reference.

WHEREFORE, the plaintiffs, Joseph and Nancy Bertrand, demand judgment against the defendant, GE, in an amount the Court deems fair and just, together with interest and costs.

### COUNT V
### (Breach of Implied Warranty of Merchantability vs. General Electric Company)

23. The plaintiffs repeat and reaver the allegations of paragraphs 1-22 inclusive of this Complaint as if expressly rewritten and set forth herein

24. At the time the defendant, GE, manufactured the stove and/or its components, the defendant, GE, by its servants, agents or employees, impliedly warranted its merchantability.

25. Said warranty was breached by the defendant, GE, in that the stove and/or its components were not merchantable, as impliedly warranted by the defendant. The defendant, GE, knew or reasonably should have known that the stove was not merchantable.

26. As the direct and proximate result of the acts herein stated of the defendant, GE, the plaintiffs suffered the injuries and losses as more particularly described in Paragraph 11 of this Complaint and incorporated herein by reference.

WHEREFORE, the plaintiffs, Joseph and Nancy Bertrand, demand judgment against the defendant, GE, in an amount the court deems fair and just, together with interest and costs.

PLAINTIFFS CLAIM A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Respectfully submitted,
The plaintiffs,
By their attorney,

Joseph B. Bertrand; BBO No. 041800
Murray Kelley & Bertrand, P.C.
300 Trade Center – Suite 2700
Woburn, MA 01801
(781) 569-0020

Dated: August 21, 2009

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT COUNTY OF MIDDLESEX | DOCKET NO. |
|---|---|---|
| PLAINTIFF(S) Joseph B. Bertrand, Nancy L. Bertrand | | DEFENDANT(S) General Electric Co. |

Type Plaintiff's Attorney name, Address, City/State/Zip Phone Number and BBO#

Joseph B. Bertrand
Murray Kelly and Bertrand, P.C.
300 Trade Center Suite 2700
Woburn, Ma. 01801

Type Defendant's Attorney Name, Address, City/State/Zip Phone Number (If Known)

**TYPE OF ACTION AND TRACK DESIGNATION** (See reverse side)

CODE NO.    TYPE OF ACTION (specify)    TRACK    IS THIS A JURY CASE?

B05 Product Liability - Average Track    [X] Yes  [ ] No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

## TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses  $
   2. Total doctor expenses  $
   3. Total chiropractic expenses  $
   4. Total physical therapy expenses  $
   5. Total other expenses (describe)  $
   Subtotal  $
B. Documented lost wages and compensation to date  $
C. Documented property damages to date  $ 800,000.00
D. Reasonably anticipated future medical expenses  $
E. Reasonably anticipated lost wages and compensation to date  $
F. Other documented items of damages (describe)  $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

Smoke inhalation and emotional distress          Total $800,000

## CONTRACT CLAIMS
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

TOTAL  $..........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    Date: August 21, 2009
A.O.S.C. 3-2007

# Commonwealth of Massachusetts
## County of Middlesex
## The Superior Court

CIVIL DOCKET # MICV2009-03253-E
Courtroom Civil B- Ct Rm 720- 200 TradeCenter, Woburn

RE: Bertrand et al v General Electric Company

TO: Joseph B Bertrand, Esquire
Murray Kelly & Bertrand PC
300 Trade Center
Suite 2700
Woburn, MA 01801

## SCHEDULING ORDER FOR A TRACK

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated, and case shall be resolved and judgment shall issue by **08/05/2012**

### STAGES OF LITIGATION — DEADLINES

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | 11/19/2009 | 11/19/2009 | |
| Response to the complaint filed (also see MRCP 12) | | 12/19/2009 | |
| All motions under MRCP 12, 19, and 20 | 12/19/2009 | 01/18/2010 | 02/17/2010 |
| All motions under MRCP 15 | 10/15/2010 | 11/14/2010 | 11/14/2010 |
| All discovery requests **and depositions** served and non-expert depositions completed | 08/11/2011 | | |
| All motions under MRCP 56 | 09/10/2011 | 10/10/2011 | |
| Final pre-trial conference held and/or firm trial date set | | | 02/07/2012 |
| Case shall be resolved and judgment shall issue by 08/05/2012 | | | 08/05/2012 |

- The final pre-trial deadline is <u>not the scheduled date of the conference</u>.
- You will be notified of that date at a later time.
- Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

Dated: 08/24/2009

Telephone: 781-939-2748

Michael A. Sullivan
Clerk of the Court